UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVIS, an individual, THE PARSONAGE, L.L.C., DATA INTERNATIONAL, INC., PRIMO ACQUISITIONS 1, L.L.C., and MAGGIE FUNDING, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE FRANK, individually, and DOES 1 through 30, inclusive, <br><br> Defendant. | No. 2:21-cv-00383-MCE-JDP <br><br> **ORDER** |

On January 29, 2021, John Davis ("Plaintiff") on behalf of himself and Parsonage L.L.C. ("Parsonage"); Data International, Inc. ("Data"); Primo Acquisitions 1, L.L.C. ("Primo"); and Maggie Funding, L.L.C. ("Maggie") (collectively, "Entity Plaintiffs") filed suit against Defendant Christine Frank ("Defendant") for fraudulent transfer of real property, imposition of constructive trust, violations of the California Corporations Code, intentional infliction of emotional distress, and conversion of personal property in Sacramento County Superior Court.  Compl., ECF No. 1-1 ("Compl.").  Defendant removed the case to this Court on March 1, 2021, on diversity grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  Not. Removal, ECF No. 1.  Subsequently, Defendant filed a Motion to

Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)[1] and/or Transfer the Complaint pursuant to 28 U.S.C. § 1404(a).[2] ECF Nos. 3–7.

Before reaching the merits of Defendant's Motion, however, the Court must scrutinize the basis for its own jurisdiction. Federal courts are of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking). While a district court may not sua sponte remand a case for procedural defects, a court may sua sponte remand a case if it lacks jurisdiction. Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

On November 10, 2021, the Court issued an Order to Show Cause in writing as to why this action should not be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). ECF No. 17. The Order stated, in relevant part:

> According to the Complaint [1-1], Plaintiff Davis is a citizen of California, the Entity Plaintiffs were incorporated and had their principal places of business in Iowa, and Defendant is a citizen of Iowa. Since the Entity Plaintiffs and Defendant are citizens of Iowa, the Court does not have diversity jurisdiction over this action. In the Notice of Removal, Defendant asserts that the Entity Plaintiffs are fraudulently joined because the

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

2

>first three entities are dissolved and/or Plaintiff Davis has no authority to represent or bring legal action on their behalf. The Ninth Circuit has not set forth a test for determining the citizenship of a defunct corporation, and there is a split among the district courts as to the proper test. See C-One Tech. v. Mount & Stoelker, P.C., 2008 WL 4453562, at *3 (N.D. Cal. Oct. 3, 2008). . . .

Id. Defendant responded to the Order to Show Cause on November 22, 2021, and Plaintiffs replied on November 29, 2021. ECF Nos. 18–19.

As stated above, Defendant removed the instant case pursuant to the Court's diversity jurisdiction, which requires, in part, complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1). In her response to the Order to Show Cause, Defendant concedes that the Entity Plaintiffs would all be deemed citizens of Iowa.[3] Def.'s Response Order to Show Cause, ECF No. 18, at 2; see also Not. Removal, ECF No. 1, at 3. However, Defendant raises two arguments in support of jurisdiction, each of which the Court will address in turn.[4]

First, Defendant argues that the Entity Plaintiffs lack capacity or authorization to sue. See Def.'s Response Order to Show Cause, ECF No. 18, at 2–5. "The 'question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court,' however, even when jurisdiction is based on diversity of citizenship." Deirmenjian v. Deutsche Bank, A.G., Case No. CV 06-00774 MMM (CWx), 2006 WL 4749756, at *30 n.156 (C.D. Cal. Sept. 25, 2006) (quoting

---

[3] As a corporation, Data is a citizen of both the state where it was incorporated and the state where it has its primary place of business. See 28 U.S.C. § 1332(c). On the other hand, as limited liability companies, Primo, Parsonage, and Maggie are "citizen[s] of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

[4] There is no dispute that Data, Primo, and Parsonage were administratively dissolved under Iowa law at the time Plaintiff filed the state court complaint, when this action was removed to this Court, and even when Defendant filed her response to the Order to Show Cause. Def.'s Response Order to Show Cause, ECF No. 18, at 3; Pl.'s Reply Def.'s Response Order to Show Cause, ECF No. 19, at 5. However, on November 29, 2021, Plaintiff had those three entities reinstated and they are now listed as active on the Iowa Secretary of State website. Pl.'s Reply Def.'s Response Order to Show Cause, ECF No. 19, at 3; see Exs. ISO Pl.'s Reply, ECF No. 19-1. Regardless, their reinstatement after the commencement of this lawsuit "is irrelevant to the determination of jurisdiction under the 'time of filing' rule." Tri-Cnty. Metro. Transp. Dist. of Or. v. Butler Block, LLC, Case No. 08-259-AA, 2008 WL 2037306, at *1 n.2 (D. Or. May 7, 2008) (citing Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 574–75 (2004)).

Summers v. Interstate Tractor & Equipment Co., 466 F.2d 42, 50 (9th Cir. 1972)); see also De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 n.4 (9th Cir. 2000), cert. denied, 531 U.S. 876 (2000) ("Even if defendants are correct that ECG lacked authorization to sue, this court does not lack subject matter jurisdiction in the sense that it would if plaintiffs lacked standing to sue under the 'case or controversy' requirement of Article III of the Constitution."). "Thus, the court must decide jurisdiction before it can turn to any other issues, including capacity to sue." Bank of N.Y. Mellon v. Brewer, No. C-12-03179 RMW, 2012 WL 3904342, at * 1 (N.D. Cal. Sept. 7, 2012) (emphasis in original). "Even if this court were to conclude that plaintiff lacks capacity to sue, there would be no legal effect because lack of subject matter jurisdiction renders this court without any authority to make such a determination." Id. at *2. Therefore, whether the Entity Plaintiffs lack capacity or authorization to sue is irrelevant as to this Court's subject matter jurisdiction.

Second, Defendant claims that the Entity Plaintiffs "were named for the fraudulent purpose of defeating this Court's diversity jurisdiction such that they should be disregarded for purposes of determining whether there is complete diversity of citizenship between the parties." Def.'s Response Order to Show Cause, ECF No. 18, at 1; see also Not. Removal, ECF No. 1 ¶ 9 (stating that the joinder of the Entity Plaintiffs is a "sham" and that "the allegations of the complaint show that [Plaintiff] is suing as a shareholder or member on his own behalf in those causes of action purporting to name the entities as nominal plaintiffs."). A fraudulently joined party is ignored for purposes of diversity jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see also Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 549 (9th Cir. 2018) (stating that "the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction"). There is a general presumption against fraudulent joinder, and the removing defendant has the burden to prove fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); see Hunter v.

Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (stating a defendant's burden to establish fraudulent joinder is a "heavy" one). Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. Amarant v. Home Depot U.S.A., No. 1:13-CV-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Id. (citing Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)); Hunter, 582 F.3d at 1044 (citing Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007)) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.").

While fraudulent joinder claims typically concern nondiverse defendants, a handful of cases have applied the doctrine to nonresident plaintiffs. See, e.g., Pentz v. Kimco Realty Corp., Case No. 8:11-CV-00111-JST (FMOx), 2011 WL 13227863, at *4–5 (C.D. Cal. Apr. 21, 2011) ("Even assuming that the standard for an improper plaintiff is the same as for an improper defendant, Defendant fails to prove that 'plaintiff fails to state a cause of action,' and that 'there is no possibility that the plaintiff will be able to establish a cause of action,' against Defendant.") (internal citations omitted); Hess v. U.S. Surgical Corp., No. C-99-2118 MJJ, 1999 WL 638241, at *2 (N.D. Cal. Aug. 5, 1999) (applying fraudulent joinder doctrine and concluding that "Defendants fail to overcome their heavy burden of showing that [nondiverse plaintiff] is an improper plaintiff."); Avila v. Atrium Med. Corp., Case No. 2:20-CV-09442-CAS-MRWx, 2020 WL 6940700, at *4 (C.D. Cal. Nov. 23, 2020) ("Furthermore, the non-resident plaintiffs

cannot be said to be 'sham' plaintiffs in that it is not 'obvious' that they 'fail[] to state a cause of action against [defendant].""). In any event, "federal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)).

Here, the Complaint asserts 25 causes of action on behalf of five plaintiffs. See generally Compl., ECF No. 1-1. However, Defendant has only provided conclusory statements that Plaintiff is only "suing as a shareholder or member on his own behalf in those causes of action purporting to name the entities as nominal plaintiffs." Not. Removal, ECF No. 1 ¶ 9; see Def.'s Response Order to Show Cause, ECF No. 18, at 7–8 ("Insofar as [Plaintiff] is purporting to bring derivative claims on behalf of these entities to protect his rights as a shareholder / member of the entities they could theoretically be nominal defendants."). Without more, this Court cannot determine whether Defendant has overcome the heavy burden of showing that the Entity Plaintiffs fail to state a cause of action against Defendant, and that the failure is obvious according to the settled rules of the state. See Amarant, 2013 WL 3146809, at *4. To the extent Defendant asserts the Entity Plaintiffs lacked authorization to sue, those arguments fail for the reasons set forth above.

Accordingly, the Court sua sponte REMANDS this case back to the originating state court, the Superior Court of California, County of Sacramento, for final adjudication.[5] Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is ordered to mail a certified copy of this Order of remand to the clerk of the originating state court. The state

///
///
///
///

---

[5] Defendant's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) and/or Transfer the Complaint pursuant to 28 U.S.C. § 1404(a), ECF No. 3, is thus DENIED as moot.

1 | court may thereupon proceed with this case.  The Clerk of Court shall thereafter close
2 | the case in this Court.
3 |       IT IS SO ORDERED.

5 | Dated:  January 19, 2022

                         MORRISON C. ENGLAND, JR
                         SENIOR UNITED STATES DISTRICT JUDGE